UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHAROON COON and<br>CHARLES COON<br><br>            Plaintiffs<br><br>    vs.<br><br>WYETH d/b/a WYETH, INC.,<br>WYETH PHARMACEUTICALS,<br>WYETH LABORATORIES, INC.,<br>and WYETH-AYERST<br>PHARMACEUTICALS, INC.<br><br>            Defendants | )<br>)<br>)<br>)<br>)<br>)<br>) CAUSE NO. 2:09-CV-254 RM<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

OPINION and ORDER

The court has the obligation to inquire into its own subject matter jurisdiction. Craig v. Ontario Corp., 543 F.3d 872, 875 (7th Cir. 2008). The plaintiffs' complaint does not sufficiently allege the existence of jurisdiction.

First, allegations of residence are insufficient to establish diversity jurisdiction. Held v. Held, 137 F.3d 998, 1000 (7th Cir. 1998). Jurisdiction depends on each party's citizenship at the time the case begins, Denlinger v. Brennan, 87 F.3d 214, 216 (7th Cir. 1996), and thus plaintiffs must show each party's citizenship as of the date the complaint was filed. Dausch v. Rykse, 9 F.3d 1244, 1245 (7th Cir. 1993). The plaintiffs' complaint does not to allege their citizenship.  See Compl. ¶ 4.

Second, for purposes of federal diversity jurisdiction, 28 U.S.C. § 1332(c) provides that a corporation is a citizen of both the state in which it is incorporated

and the state in which it has its principal place of business. The plaintiffs' complaint must allege both the corporation's state of incorporation and its principal place of business. 7TH CIR. R. 28(a); Pastor v. State Farm Mut. Auto. Ins. Co., 487 F.3d 1042, 1047 (7th Cir. 2007). The plaintiffs' complaint alleges that Wyeth is a Delaware corporation, with headquarters in New Jersey and Pennsylvania, Compl. ¶ 5, but does not allege the state of the corporation's principal place of business.

Third, diversity jurisdiction requires that the amount in controversy be greater than $75,000. 28 U.S.C. § 1332(a); Johnson v. Wattenbarger, 361 F.3d 991, 993 (7th Cir. 2004). The plaintiffs must identify the jurisdictional amount. 7TH CIR. R. 28(a). The plaintiffs' complaint vaguely states that damages exceed the "minimum jurisdictional limits," Compl. ¶ 3, but does not adequately indicate the amount in controversy as exceeding $75,000.

Although the complaint may be subject to dismissal for failure to allege jurisdiction, Thomas v. Guardsmark, LLC, 487 F.3d 531, 534 (7th Cir. 2007), the court instead affords the plaintiff twenty days from the date of this order within which to file an amended complaint alleging the existence of diversity jurisdiction under 28 U.S.C. § 1332.

SO ORDERED.

ENTERED:  August 31, 2009


       /s/ Robert L. Miller, Jr.
Chief Judge

United States District Court